OPINION
This is an appeal by the defendant-appellant, Randy Longsworth, from the judgment and sentence entered by the Auglaize County Municipal Court after the court found him guilty of one count of hunting without written permission, a violation of R.C. 1533.17, and one count of deterring a state wildlife officer, a violation of R.C. 1533.67.
On October 26, 1996 at approximately 7:30 a.m., Joseph Vanover and the defendant were hunting geese on private property south of St. Johns, Auglaize County, Ohio. At that same time, an officer for the Ohio Division of Wildlife was patrolling the property. As the officer drove his marked vehicle through the property, he observed two hunters, later identified as Vanover and defendant, walking on a path carrying guns. When the officer saw the men, he testified that they ran into the brush near the path. The officer approached the area where the men ran into the brush, but he could not locate the hunters. The officer testified that he was apprehensive about two armed men apparently hiding from him. He stayed in his vehicle and proceeded further down the path.
At the end of the path, the officer saw a parked truck registered to Vanover. The officer exited his vehicle, and after using his binoculars, located the two men walking through a weed field. The officer recognized one hunter as Vanover. The officer testified that when the hunters saw him watching them through his binoculars, they hid in the weed field. The officer drove to the weed field, stopped his vehicle, and yelled for Vanover several times. When the men did not reappear, the officer drove his vehicle through the weed field to flush the men out. After unsuccessfully searching for the men, the officer returned to the area where Vanover parked his truck, but it was no longer there.
Later that morning, the defendant went to the home of Deborah Bailey, the property owner. Frequently, she gave written permission to persons to hunt on the property. At trial, Bailey testified that defendant had come to her house between 9:00 a.m. and 10:30 a.m. requesting written permission to hunt on the property. Defendant had obtained written permission in prior years and had obtained permission to hunt groundhogs earlier in 1996 from Bailey. This, however, was apparently the first time defendant had written permission to hunt on the property since the new hunting season began.
The defendant was thereafter cited by the officer for hunting without written permission and for deterring a wildlife officer's ability to carry into effect any law governing the taking or possession of wild animals or regulating hunting and trapping on the lands of another. The trial court found defendant guilty on both charges and he was sentenced accordingly. From that judgment and sentence, defendant now raises the following two assignments of error:
 The court erred in finding the defendant guilty of hunting without written permission as required by Section 1533.17 ORC.
 The court erred in finding the defendant guilty of violating 1533.67 of the Ohio Revised Code in the deterring of a wildlife officer.
The instant case is the companion case to State v. Vanover
(Jan. 12, 1998), Auglaize App. No. 2-97-24, unreported, involving the same incident. This case contains facts identical to those set forth in detail in Vanover, except for testimony from the state wildlife officer that Vanover admitted hiding from the officer to avoid being "hassled" and testimony from Vanover admitting that he did not have written permission to hunt on the Bailey property prior to 9:00 a.m., when he sought permission from Deborah Bailey. Additionally, for purposes of this opinion, the following facts are relevant. On October 26, 1996, between 9:00 a.m. and 10:30 a.m. defendant obtained written permission from Deborah Bailey to hunt on the Bailey property. Furthermore, there was testimony from Vanover indicating that defendant did not have permission to hunt on the property on that date prior to the time he sought written permission from her. Vanover further testified that although he and defendant were "scrunched" down in the brush at the time in question, they did not attempt to avoid the wildlife officer.
In reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, the trial court could have found that the essential elements of the crime were proven beyond a reasonable doubt. Id.
In this court's prior decision of Vanover, we addressed the bulk of the assignments of error raised in the present case and affirmed the trial court's judgment on identical charges before this court which related to Vanover. Upon a review of the evidence presented at the trial in the present case, we find that there was sufficient evidence to support the defendant's convictions. Accordingly, both of the defendant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.